Plaintiff-appellant the State of Ohio appeals from the trial court's order finding that R.C. 2950.09 violates the ex postfacto law. The defendant-appellee Charles Wall was found guilty of abduction in violation of R.C. 2905.02 on December 28, 1994. The appellee was sentenced to a term of three to ten years incarceration, the execution of which was suspended and a five-year probationary period was imposed. Subsequently, on May 25, 1995, the appellant was found to be a probation violator and the original sentence was imposed by the trial court.
On May 28, 1997, the trial court, after a hearing, issued its order stating that the motion of defendant to dismiss house bill 180 proceedings was granted. Pursuant to R.C.2950.09(C)[1], the State timely filed this appeal asserting the following assignment of error:
 THE TRIARL (SIC) COURT ERRED IN RULING THAT THE CLASSIFICATION PROVISION IN H.B. 180 AND THE NOTIFICATION AND REGISTRATION PROVISIONS CONTAINED IN R.C. CH. (SIC) 2950 WERE UNCONSTITUTIONAL AS EX POST FACTO LAW IN VIOLATION OF THE OHIO AND UNITED STATES CONSTITUTIONS.
In the case sub judice, the trial court declined to reach the merits of the request to find the appellant subject to R.C.2950.09. The court's decision was based upon the ex post facto
law. In State v. Cook (1998), 83 Ohio St.3d 404, the Ohio Supreme Court concluded that R.C. 2950.09(B)(1) as applied to conduct prior to the effective date of the statute, does not violate the Retroactivity Clause of Section 28, Article II of the Ohio Constitution. Further the court held that R.C.2950.09(B)(1) as applied to conduct prior to the effective date of the statute, does not violate the Ex Post Facto Clause of Section 10, Article I of the United States Constitution. See syllabus one and two.
The appellant's assignment of error is well taken. The trial court's decision is reversed, and this case is remanded for hearing on the merits under R.C. 2950.09.
This cause is reversed and remanded.
It is, therefore, considered that said appellant(s) recover of said appellee(s) its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
JOHN T. PATTON, P.J., and ANNE L. KILBANE, J., CONCUR.
 _______________________________ JAMES D. SWEENEY JUDGE
N.B. This entry is an announcement of the court's decision. See App. R. 22(B), 22(D) and 26(A); Loc.App.R. 27. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App. R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App. R. 22 (E). See, also, S.Ct.Prac.R. II, Section 2(A) (1).
[1] The appellant filed a motion to dismiss asserting that the appeal was not timely filed. This motion is hereby overruled pursuant to R.C. 2950(C), which states that: "The offender and the prosecutor may appeal as a matter of right the judge's determination under this division as to whether the offender is, or is not, a sexual predator." Thus, the appellant timely filed this appeal as required under App. R. 4(A).